### MALONEY v. SILBERMAN.

(Supreme Court, Appellate Term. April 8, 1909.)

1. DAMAGES (§ 130*)—EXCESSIVE DAMAGES—PERSONAL INJURIES.

Where plaintiff was confined to her bed for a week and a half because of personal injuries, and suffered from bruises and contusions of her thigh, knee, and elbow, and also on the head, and was extremely nervous, a verdict for $250 was not so manifestly excessive as to justify setting it aside.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357–367; Dec. Dig. § 130.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. NEW TRIAL (§ 40*)—GROUNDS—ADMISSION OF EVIDENCE—NECESSITY OF OBJECTION AT TRIAL.

    Where incompetent evidence was not excepted to when offered, it was error to set aside the verdict on the ground of its admission.

    [Ed. Note.—For other cases, see New Trial, Cent. Dig. § 64; Dec. Dig. § 40.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Rose Maloney against Samuel J. Silberman. From an order setting aside a verdict for plaintiff, and granting a new trial, plaintiff appeals. Reversed, and verdict reinstated.

· Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Isadore M. Levy, for appellant.
Carl Schurz Petrasch, for respondent.

PER CURIAM. The plaintiff sued for personal injuries, resulting from defendant's negligence, and the jury allowed her $250 damages. The court below set aside the verdict on the ground, as stated in his opinion, that alleged incompetent evidence had been admitted without objection, and on the ground that the verdict was excessive. Plaintiff appeals.

The plaintiff showed that she was confined to her bed for a week and a half, was obliged to have a physician, who called eight times, that she suffered from bruises and contusions of her right thigh, right leg, left knee, right elbow, and also had contusions on the head, and· was rendered extremely nervous. The amount of damages was a question within the proper discretion of the jury, and the sum allowed does not appear, under the circumstances presented, so manifestly excessive as to warrant the trial court in interfering with the conclusion of the jury.

As no exceptions were taken to the alleged incompetent evidence, the admission of such evidence did not warrant the trial court in setting aside the verdict.

The order must be reversed, and the verdict reinstated, with. costs to the appellant.